United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEDRO MARTINEZ, | CASE NO. 5:13-cv-05597 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A., et. al., | [Docket Item No(s). 14] |
| Defendant(s). | |

## I.   INTRODUCTION

On or about February 22, 2007, Plaintiff Pedro Martinez ("Plaintiff") executed a Deed of Trust secured by a Mortgage Note for $476,000.00 in favor of World Savings Bank, FSB in order to purchase certain real property located in Sunnyvale, California. See Compl., Docket Item No. 1, at ¶¶ 14, 15; see also Req. for Judicial Notice ("RJN"), Docket Item No. 15, at Exs. A, B.[1] Plaintiff defaulted on his loan payments at some point and a Notice of Default on behalf of Wells Fargo Bank, N.A. ("Wells Fargo")[2] was recorded on October 1, 2012. See Compl., at ¶ 16; see also RJN, at Ex. G.  A trustee's sale was then scheduled for August 29, 2013, but postponed to January 6,

---

[1] The RJN is GRANTED.  Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

[2] World Savings Bank, FSB eventually became part of Wells Fargo through a name change and then a merger.  See RJN, at Exs. C-F.

2014. See Compl., at ¶ 18, see also RJN, at Exs. H, I.

In this action filed on December 4, 2013, Plaintiff alleges that Defendants Wells Fargo, Wells Fargo Home Mortgage, and NDex West, LLC (collectively, "Defendants") initiated a wrongful and unlawful foreclosure proceeding with regard to the Sunnyvale property. He asserts seven causes of action under California law: (1) fraud (2) negligent misrepresentation (3) violations of the Homeowners Bill of Rights ("HBOR"), (4) violation of Civil Code § 2923.5, (5) Breach of Contract, (6) Promissory Estoppel and (7) Injunctive Relief.[3]

According to the Complaint, federal jurisdiction arises under 28 U.S.C. § 1332. Presently before the court is a Motion to Dismiss filed by Wells Fargo. See Docket Item No. 14. Plaintiff did not file written opposition to the motion, and the time for filing such opposition has passed. See Docket Item No. 21. Having carefully considered the relevant documents, the court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for May 16, 2014, will therefore be vacated and the Motion to Dismiss will be granted for the reasons stated below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d

---

[3] The Complaint also references California Business and Professions Code § 17200 but does not actually assert a cause of action under that statute.

2
CASE NO. 5:13-cv-05597 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. Furthermore, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.   DISCUSSION

Wells Fargo argues that all of Plaintiff's causes of action fail because they are not properly plead and fail to state a claim. The court agrees.

For the first two causes of action for fraud and negligent misrepresentation, Plaintiff has neither stated a claim nor met the applicable pleading standard. In California, the elements of fraud are: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud or to induce reliance, (4) justifiable reliance, and (5) resulting damage. Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997). Much like fraud, "[n]egligent misrepresentation is a form of deceit, the elements of which are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce the plaintiff's reliance, (4) ignorance of the truth and justifiable reliance by the plaintiff, and (5) damages." Garcia v. Ocwen Loan Servicing, LLC, No. 10-0290, 2010 U.S. Dist. LEXIS 45375, at *5, 2010 WL 1881098 (N.D. Cal. May 10, 2010) (citing Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986)). Here, Plaintiff relies on the same alleged statement to show fraud and negligent misrepresentation: "Defendants agreed that the foreclosure sale would be postponed until January, 2014, while Defendant continued to process [Plaintiff's] loan modification." But the main problem with relying on that particular "misrepresentation" for fraud-based claims is that it appears to be a true statement based on other alleged facts coupled with documents subject to judicial notice. Indeed, as already indicated, the trustee's sale was, in fact, postponed to January, 2014. As such, Plaintiff has failed to plead the "falsity" element basic to both fraud and negligent misrepresentation.

1    But that does not end the matter with regard to these claims because it is well settled that
2 fraud-based claims are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In
3 alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud
4 or mistake."). The allegations must be "specific enough to give defendants notice of the particular
5 misconduct which is alleged to constitute the fraud charged so that they can defend against the
6 charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727,
7 731 (9th Cir. 1985). To that end, there must be "an account of the time, place, and specific content
8 of the false representations as well as the identities of the parties to the misrepresentations." Swartz
9 v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Spencer v. DHI Mortg. Co., 642 F. Supp.
10 2d 1153, 1164 (E.D. Cal. 2009). Here, Plaintiff's allegations are insufficient under Rule 9(b)
11 because he attributes all of the alleged misrepresentations to a generic group of "defendants,"
12 without differentiating between the three named defendants in this case and without identifying the
13 individual that purportedly made the misrepresentation. See Swartz, 476 F.3d at 764-65 ("Rule 9(b)
14 does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to
15 differentiate their allegations when suing more than one defendant and inform each defendant
16 separately of the allegations surrounding his alleged participation in the fraud.").

17    Turning to promissory estoppel, such a cause of action requires: "(1) a promise that is clear
18 and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the
19 reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured
20 by his or her reliance." Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc., 688 F.
21 Supp. 2d 940, 953 (N.D. Cal. 2010). Plaintiff's allegations do not, and perhaps cannot, satisfy the
22 fourth element since a fulfilled promise to postpone the trustee's sale would not cause injury to
23 Plaintiff.

24    As to breach of contract, Plaintiff alleges Defendants breached a "bilateral oral contract," the
25 terms of which required Defendant to postpone the foreclosure sale to January, 2014, and required
26 Plaintiff to refrain from filing a lawsuit, seeking injunctive relief or inducing another to file for
27 bankruptcy. But if those were the terms of the alleged contract then Plaintiff has not established a
28 breach of that contract. A claim for breach of contract in California requires: "(1) existence of the

contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008). Under Plaintiff's facts, Defendants performed under the contract according to its terms by postponing the trustee's sale to January, 2014.[4]

Plaintiff also alleges violations of the HBOR and Civil Code § 2923.5. The HBOR claims are mostly recitations of statutory requirements without supporting factual allegations and fail for that and other similar reasons.

Specifically, Defendants could not have violated the current versions of Civil Code §§ 2923.55, 2924.9, and 2924.17 when they filed a Notice of Default in October, 2012, because those statutes did not become effective until 2013, and "there is no indication that the [HBOR] is intended to be, or will be, applied retroactively." McGough v. Wells Fargo Bank, N.A., Case No. C12-0050 THE, 2012 U.S. Dist. LEXIS 151737, at *16 n.1, 2012 WL 5199411 (N.D. Cal. Oct. 22, 2012). And in any event, Plaintiff's allegation that Defendants did not contact him and failed to attach a declaration of due diligence in violation of former § 2923.5 and § 2923.55 is directly contradicted by the Notice of Default itself which has the requisite declaration attached. See RJN, at Ex. G.

In addition, Plaintiff did not state a claim under Civil Code § 2923.7 because he did not allege that he requested a "foreclosure prevention alternative" as indicated by the statute. Plaintiff also did not state a claim under Civil Code § 2924.10 because he did not allege the date upon which he submitted a loan modification application. Considering the Notice of Default was recorded in October, 2012, this date is important to determine whether that portion of the HBOR would actually apply to his application.

Finally, the cause of action for injunctive relief as plead here is a form of relief rather than an actual cause of action. See Loder v. World Savings Bank, N.A., No. C11-00053 THE, 2011 U.S. Dist. LEXIS 53166, at *21-22, 2011 WL 1884733 (N.D. Cal. May 18, 2011) (citing Shell Oil Co. v. Richter, 52 Cal. App. 2d 164, 168 (1942)).

---

[4] Notably, Plaintiff may have actually breached the alleged contract by filing this lawsuit in December, 2013, after apparently promising not to do so. This may be yet another reason why Plaintiff cannot plead a breach of contract claim since he may not be able to demonstrate his own performance or excuse for nonperformance.

1    Because Plaintiff has not stated causes of action for fraud, negligent misrepresentation,
2  promissory estoppel, breach of contract and injunctive relief, they will be dismissed.  Furthermore,
3  the court cannot find, in the absence of opposition detailing what additional facts could be plead to
4  remedy the deficiencies, that allowing for leave to amend would be anything but futile.
5  Accordingly, the claims will be dismissed without leave to amend.

### IV.   ORDER

Based on the foregoing, Wells Fargo's Motion to Dismiss (Docket Item No. 14) is GRANTED.  All causes of action are DISMISSED WITHOUT LEAVE TO AMEND.  Judgment will be entered in favor of Defendants and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated:  April 17, 2014


EDWARD J. DAVILA
United States District Judge

6
CASE NO. 5:13-cv-05597 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS